UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARTER
   Plaintiff,

  vs.                           No. 07-1170

MIKE WHITE,
   Defendant.

## ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center by Correctional Officer Mike White. Specifically, the plaintiff says Defendant White violated his First Amendment rights when he retaliated against the plaintiff for a grievance he wrote against another officer. The plaintiff says Officer White threatened him on May 25, 2007. In addition, the plaintiff alleges that White spread rumors among inmates that the plaintiff is a homosexual. On June 9, 2007, the plaintiff says he was assaulted by another inmate and Officer White then punched him in the mouth. The plaintiff's only allegation is a violation of his First Amendment rights, but the punch by Officer White could also be viewed as excessive force in violation of his Eighth Amendment rights.

      The plaintiff has not paid the required filing fee and has instead submitted a motion for leave to proceed *in forma pauperis*. The plaintiff is aware that he has accumulated three strikes pursuant to 28 U.S.C. §1915(g).[1] However, the plaintiff says he should be allowed to proceed *in forma pauperis* because he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). It is somewhat doubtful the plaintiff could meet this standard. The imminent danger exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] *See Carter v. Mote*, 04-cv-1207 and *Carter v. Mote*, 04-cv-1255, in the Central District of Illinois; and *Carter v. Bigley*, 03-cv-0468, in the Northern District of Illinois.

Even if the plaintiff could show he is in imminent danger, he has failed to exhaust his administrative remedies as required. The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The plaintiff has used a standard complaint form and has checked the box stating he has completed the grievance process, but has also written in "imminent danger." (Comp, p. 3). The plaintiff has attached a grievance dated May 22, 2007 in which he complains about the conduct of an Officer Simmons. The grievance is denied on May 23, 2007 and there is no indication the finding is appealed. The plaintiff has also attached a grievance dated May 31, 2007 in which he complains about Defendant White's threats, but obviously does not mention the June 9, 2007 assault. The grievance was denied on June 21, 2007, just days before this complaint was filed.

The conduct alleged in the plaintiff's complaint all occurred in late May and early June of 2007. His complaint and motion to proceed *in forma pauperis* were received by the Clerk of the Court on June 27, 2007. The plaintiff could not have fully exhausted his administrative remedies in this time period. It is true that failure to exhaust is an affirmative defense. However, "when the existence of a valid affirmative defense is so plain from the face of the complaint," the prisoner's claim may be dismissed. *Walker v Thompson,* 288 F.3d 1005, 1010-11 (7th Cir. 2002); *see also Thomas v. Kalu,* 2007 WL 648312 at 2 (7th Cir. 2007). The fact that the plaintiff alleges he is in "imminent danger" does not excuse the requirement that the plaintiff exhaust his administrative remedies. *See McAlphin v. Toney,* 375 F.3d 753, 755 (8th Cir. 2004).

**IT IS THEREFORE ORDERED that:**

1) **The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required. 42 U.S.C. §1997e(a). All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs.**

2) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of**

       court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

3)     The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

4)     The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

5)     If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

       Entered this __29th_____ day of June, 2007.

       s\Harold A. Baker

       _____
       HAROLD A. BAKER
       UNITED STATES DISTRICT JUDGE